**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **VIDRINE PHARMACEUTICAL GROUP L L C** | **CASE NO. 2:26-CV-02441** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOSHUA ADAMS** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 12] filed under Federal Rule of Civil Procedure 12(b)(2) by defendant Joshua Adams. Plaintiff Vidrine Pharmaceutical Group d/b/a Boudreaux's New Drug Store ("Boudreaux's") opposes the motion. Doc. 21.

## I. BACKGROUND

This suit arises from alleged unfair trade practices and defamation by defendant, Joshua Adams, a citizen of Kentucky who is employed as the pharmacy operations director for Lexington Compound Pharmacy ("LCP") in Lexington, Kentucky. Doc. 12, att. 2, ¶¶ 1–2. Boudreaux's is a Louisiana compounding pharmacy licensed in 46 states. Doc. 1, ¶ 10. Boudreaux's alleges that Adams filed false and defamatory accusations against it in January 2026 with the Indiana Office of the Attorney General and Ohio Board of Pharmacy, asserting that Boudreaux's was unlawfully compounding and distributing retatrutide, a drug strictly prohibited by the FDA, in Indiana and Ohio. *Id.* at ¶ 1–2, 12–14.

Boudreaux's filed suit against Adams in this court in July 2026, alleging that his complaints are unfounded and have caused significant disruption to its business. It raises a claim under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. § 51:1401 *et seq*., and one for defamation. Doc. 1. Adams moves to dismiss the claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), asserting that he has no significant contacts with the state of Louisiana and there is no basis for an exercise of specific or general jurisdiction. Doc. 12, att. 1. Boudreaux's opposes the motion and, in the alternative, requests jurisdictional discovery. Doc. 21.

## II.
## LEGAL STANDARD

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over a nonresident defendant. *E.g.*, *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may determine jurisdictional issues through evidence outside the pleadings. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). When the court rules on the motion without an evidentiary hearing, the plaintiff's burden is only to make out a *prima facie* case of personal jurisdiction. *Trinity Indus., Inc. v. Myers & Assoc., Ltd.*, 41 F.3d 229, 230–31 (5th Cir. 1995). At this stage the court must take uncontroverted allegations in the pleadings as true and resolve any conflicts in the parties' affidavits in the plaintiff's favor. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). In resolving the motion the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."

*Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court need not credit conclusory allegations, however, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

Personal jurisdiction over a defendant exists if (1) the forum state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Louisiana's long-arm statute extends as far as permitted by due process, merging these two factors. *Rainey v. J&S Truck Sales, LLC*, 614 F.Supp.3d 293, 299 (M.D. La. 2022) (citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 834 F.2d 510, 512 (5th Cir. 1987)). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the protections of the forum state by establishing "minimum contacts" therewith and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Allred v. Moore & Peterson*, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts may be established through either general or specific jurisdiction. *Ford v. Mentor Worldwide, LLC*, 2 F.Supp.3d 898, 903 (E.D. La. 2014). General jurisdiction arises from "continuous and systematic" contacts with the forum state, even when the cause of action bears no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). Specific jurisdiction, on the other hand, is case-linked and confined to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Only specific personal jurisdiction is at issue here. In the Fifth Circuit, courts evaluate the issue with a three-step analysis. *Deep South Comms., LLC v. Fellegy*, 652 F.Supp.3d 636, 652 (M.D. La. 2023) (citing *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). First, the court determines whether minimum contacts exist between the defendant and the forum state. Then the court considers whether the cause of action "arises out of or results from the defendant's forum-related contacts." *Id.* Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that an exercise thereof "would be unfair or unreasonable." *Id.* (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Plaintiff's burden on the first two prongs, as set out above, is only to make out a prima facie case. Meanwhile, the defendant's burden on the third prong is to establish a "compelling case" against the exercise of jurisdiction. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (quoting *Burger King*, 471 U.S. at 477).

## III.
## LAW & ANALYSIS

The only allegations in the complaint relating to Louisiana are that plaintiff maintains its place of business here and "was subject to various regulatory inspections and investigations in Louisiana as a direct result of Defendant's unfounded complaints." Doc. 1, ¶ 8. Plaintiff also provides an affidavit from Boudreaux's owner and pharmacist in charge, Kylie Vidrine, who explains the pharmacy's interwoven regulatory obligations across its multi-state business and how allegations of unlawful dispensing in another state

"directly implicate the Pharmacy's compliance with the laws and regulations governing its Louisiana pharmacy operations and its authority to continue engaging in compounding activities." Doc. 17, att. 1, ¶¶ 10–13. Thus, she explains, Adams's complaints in Indiana and Ohio triggered an inspection and investigation by the Louisiana Board of Pharmacy, which impacted operations in Louisiana and caused financial losses. *Id.* at ¶¶ 14–23.

Plaintiff maintains that the exercise of personal jurisdiction is proper because "[e]ven an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction . . . if the effects are seriously harmful or were intended or highly likely to follow from the nonresident defendant's conduct." *Id.* at ¶ 9 (quoting *House of Raeford Farms of La., LLC v. Gulf States Cold Storage Co.*, 2025 WL 837021, at *4 (W.D. La. Mar. 17, 2025) (internal quotations omitted)). But the foreseeability of harm resulting in the forum state is only one factor in a minimum contacts analysis, as the court acknowledged in *Raeford Farms*. 2025 WL 837021 at *4 ("Courts **also** look to whether it was reasonably foreseeable [that] the harm caused by defendant's actions would occur in the forum state.") (emphasis added). "The proper focus of the minimum contacts inquiry in intentional-tort cases is the relationship among the defendant, the forum, and the litigation." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018). The court must analyze personal jurisdiction for each claim. *Id.* at 489–91.

As to the LUTPA claim, the Middle District of Louisiana recently considered personal jurisdiction in a case where one defendant's allegedly tortious acts were all committed in Tennessee. *Rainey v. J&S Truck Sales, LLC*, 614 F.Supp.3d 293, 305 (M.D. La. 2022). Acknowledging that defendant's actions had an effect in Louisiana, the court

nonetheless found an exercise of personal jurisdiction inappropriate because "mere injury to a forum resident is not a sufficient connection to the forum[.]" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). Instead, it emphasized, "[t]he proper question is not whether the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* (quoting *Walden*, 571 U.S. at 290).

That question must be answered in the negative here as well. Boudreaux's can point to nothing except Adams's awareness that it was located in Louisiana and would feel the effects of his alleged misconduct there. This awareness does not rise to the level of a meaningful connection with Louisiana or a minimum contact for the purpose of establishing jurisdiction. As the Fifth Circuit has made clear, "specific jurisdiction is improper for 'an intentional tort [claim] where the only jurisdictional basis is the alleged harm to a [forum] resident.'" *Advanta-Star Automotive Research Corp. of Am. v. Search Optics, LLC*, 2021 WL 4989797, at *6 (E.D. La. Oct. 27, 2021) (quoting *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 486 (5th Cir. 2008)) (alterations in *Advanta-Star*).

As to the defamation claim, a defendant does not purposefully avail himself of the forum state when he makes allegedly defamatory statements to an out-of-state individual or entity, unless the forum state is the "focal point" of both the statements and the harm the plaintiff suffers. *Revell v. Lidov*, 317 F.3d 467, 472 (5th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 788–89 (1984)). Accordingly, the Fifth Circuit has rejected personal jurisdiction where an allegedly defamatory article contained no reference to the forum state, did not refer to the defendant's activities in the forum state, and was not directed at

readers in the forum state as distinguished from readers in other states. *Id.* at 473. Instead, it requires that the plaintiff seeking to assert specific jurisdiction over a defendant in a defamation suit show "(1) the subject matter of and (2) the sources relied upon for the [alleged defamation] were in the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005) (citing *Revell*, 317 F.3d at 474 & n. 48).

Boudreaux's does not allege any statements by Adams relating to its activities in Louisiana.[1] Instead, it states that the Indiana complaint alleged dispensation of "FDA-disallowed compounded medications in the state of Indiana, including but not limited to compounded retatrutide." Doc. 1, ¶ 12. The contents of the Ohio complaint are not specified, but Boudreaux's alleges that the complaint resulted in a request from the Ohio Board of Pharmacy for three years' worth of records of "all *compounded* prescriptions sent into Ohio." *Id.* at ¶ 13 (emphasis in original). There is no basis for the court to determine that Louisiana was a subject of the complaints, much less that Adams relied on sources in this state. Accordingly, plaintiff likewise fails to establish minimum contacts to support personal jurisdiction for its defamation claim.

In the alternative, plaintiff requests jurisdictional discovery "to develop the factual record concerning what Defendant knew about Plaintiff, the information he possessed before making complaints, and the extent of his contact with the Louisiana Board of Pharmacy." Doc. 21, p. 18. Adams has already provided an affidavit, stating that he never initiated contact with anyone in Louisiana relative to the allegations in plaintiff's complaint

[1] Boudreaux's complaint states that the Indiana complaint and Ohio complaint are both attached as exhibits, but the court cannot locate the attachments in the record. *See* doc. 1, ¶¶ 12–13.

or his own business. Doc. 12, att. 2, ¶ 8. He admits that the Louisiana Board of Pharmacy contacted him after his regulatory complaints, but states that he did not initiate contact and that "any communication[] with [the board] was merely my cooperating with regulatory activity." *Id.* Plaintiff now raises questions as to the basis for Adams's allegations in the Indiana and Ohio complaints, asserting that limited jurisdictional discovery "may reveal additional facts bearing on Defendant's contacts with the State of Louisiana and his purposeful direction of tortious conduct toward the forum beyond what is already known as this stage." Doc. 21, p. 19. To this end, he states:

> As noted, Defendant based his complaints on hearsay allegations that Plaintiff pharmacy was dispensing FDA-prohibited medications into the State of Indiana. Yet Defendant provides little information regarding the circumstances surrounding that discovery, the identity and location of the sales representative, what exactly he or she observed, how and when that information was relayed to Defendant, or any independent investigation Defendant conducted before submitting his complaints. Defendant likewise provides no explanation as to his decision to lodge a complaint with the Ohio Board of Pharmacy, despite purportedly receiving information concerning activity at an Indiana clinic. Plaintiff has never dispensed FDA-prohibited medications, including retatrutide, into either state.

*Id.* He also suggests that limited jurisdictional discovery could "clarify the circumstances surrounding Defendant's investigation of and communication concerning Plaintiff," including the information he received regarding plaintiff, his communications and that of his business concerning plaintiff, the factual basis for his decision to file regulatory complaints in Indiana and Ohio, and the nature and extent of his communications with the Louisiana Board of Pharmacy. *Id.* at 19–20.

Limited jurisdictional discovery is only warranted upon a "preliminary showing of jurisdiction." *Fielding*, 415 F.3d at 429. The court should not "authorize 'a jurisdictional

fishing expedition' based on a plaintiff's general averments that more discovery will prove [the court's] jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (quoting *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F.Supp.2d 789, 797 (N.D. Tex. 2010)). Although plaintiff raises reasonable questions regarding the basis for an apparent competitor's regulatory complaints concerning its multi-state business, most of these questions fail to overcome the flaw identified by the court for both claims: defendant's alleged tortious activity took place outside of the state of Louisiana and was not targeted at that state, except to the extent that plaintiff was injured there. Only the issues of whether defendant initiated contact with the Louisiana Board of Pharmacy, which defendant has already denied, and the nature of those communications appear relevant to specific jurisdiction. Thus, the court will allow limited discovery into this issue before making a final determination as to whether plaintiff's claims should be dismissed for lack of jurisdiction.

## IV.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the parties be given **60 days** to engage in limited jurisdictional discovery on the nature and extent of defendant's communications with the Louisiana Board of Pharmacy. At the conclusion of this period plaintiff will have **7 days** to file an amended complaint. **IT IS FURTHER ORDERED** that the Motion to Dismiss [doc. 12] be **DENIED**, without prejudice to defendant's right to re-urge it after plaintiff's time for filing an amended complaint has lapsed.

**THUS DONE AND SIGNED** in Chambers on the 29th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**